# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>A. DELK, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | 1:07-cv-00973-AWI-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS TO (1) GRANT PLAINTIFF'S MOTION TO DISMISS DEFENDANT CDCR; (2) DENY PLAINTIFF'S MOTION FOR SANCTIONS; AND (3) DENY PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. 11.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.　PROCEDURAL HISTORY**

Plaintiff, Rodney Karl Blackwell ("plaintiff"), is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 29, 2007, at the Fresno County Superior Court, against "A. Delk; CDCR." (Case No. 07-CE-CL-02927). On June 4, 2007, the Sheriff served the complaint on the California Department of Corrections and Rehabilitation ("CDCR"). (Ntc of Removal Exh. 2.)

On July 5, 2007, defendant CDCR removed this action from the Fresno County Superior Court to the United States District Court for the Eastern District of California as a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) On January 24, 2008, plaintiff filed a motion to dismiss defendant CDCR from this action, motion for sanctions against the CDCR and the Attorney General, and motion for the court to either set this action for trial or remand the case to the Fresno County Superior Court for further proceedings. (Doc. 11.)

## II.  MOTION TO DISMISS DEFENDANT CDCR

Under Rule 41(a) of the Federal Rules of Civil Procedure, a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(i); see Commercial Space Mgmt. Co., Inc. V. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999). This rule is not limited to dismissal of the entire case. Dismissal of one of multiple codefendants terminates the "action" as to the one dismissed although it continues against the other. Pedrina v. Chun, 987 F.2d 608, 609 (9th Cir. 1993).

Plaintiff moves the court to dismiss the CDCR as a defendant in this action.  No defendant has filed an answer to the complaint or other responsive pleading.  Therefore, plaintiff may dismiss the CDCR as a matter of right.  Furthermore, plaintiff indicates that he intended to file this action only against defendant Delk and not against the CDCR. (Pltf's M at 1-2.) Plaintiff also indicates that he named the CDCR in the complaint for the sole purpose of assisting with service on defendant Delk, who is employed by the CDCR. Id.  Therefore, plaintiff's motion to dismiss defendant CDCR should be granted.

## III.  SANCTIONS

Plaintiff seeks sanctions against the CDCR and the Attorney General for their actions in removing this action and claiming the defense of immunity.

Pursuant to the Federal Rules of Civil Procedure, Rule 11, "by presenting to the court a pleading . . . a party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). A court may, on its on initiative, enter an order describing specific conduct that appears to violate subdivision (b) and directing a party to show cause why it has not violated subdivision (b) with respect thereto. Fed. R. Civ. P. 11(c)(1)(B). If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may impose appropriate sanctions upon parties that have violated subdivision (b). Fed. R. Civ. P. 11(b). Rule 11 authorizes

the imposition of both monetary and nonmonetary sanctions, including the striking of individual claims or defenses that are deemed frivolous.  Fed. R. Civ. P. 11(c)(2); Committee Notes on Amendments to Federal Rules of Civil Procedure (1993).

Plaintiff maintains that he intended to file this action only against defendant Delk and not against the CDCR. (Pltf's M at 1-2.) Plaintiff maintains that the Sheriff served the summons and complaint on the CDCR in an effort to serve defendant Delk who is employed by the CDCR. Id. at 2 ¶3. Plaintiff alleges that the CDCR accepted service as a "ploy" to use the defense of immunity. Id. Plaintiff alleges that the Attorney General is representing the CDCR and has removed this action to federal court as a tactic to engage in vexatious litigation. Id. at 3:13-18. Plaintiff argues that sanctions should be imposed on the Attorney General for "clogging up the court's docket." Id. at 3-4:28-1.

The court finds that plaintiff has not alleged any facts demonstrating that the CDCR or the Attorney General acted in a manner unreasonable under the circumstances in violation of Rule 11(b). Therefore, plaintiff's motion for sanctions should be denied.

**IV.    REMAND**

Plaintiff has moved for the court to set this action for trial, or in the alternative, to remand the case to the Fresno County Superior Court for further proceedings.

Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure." 28 U.S.C. §1447(c). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Id.; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1  stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996)
2  (citations omitted).

3      Plaintiff objects to the removal of this action on the grounds that the Superior Court is the
4  proper jurisdiction for the action. "The presence or absence of federal-question jurisdiction is
5  governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only
6  when a federal question is presented on the face of the plaintiff's properly pleaded complaint."
7  Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted).
8  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by
9  exclusive reliance on state law." Id.  Here, although plaintiff's complaint is primarily couched as
10 claims under the California Constitution and state tort law, plaintiff also alleges violations of his
11 rights to equal protection and due process . . . under the "United States Constitution by the
12 [F]ourteenth Amendment." (Cmp. at 5 ¶1.)  Because plaintiff has clearly presented a federal
13 question in the complaint, the federal court has jurisdiction and the action is removable.

14     Plaintiff also argues that removal will cause delay and confusion by raising Constitutional
15 issues. However, plaintiff's complaint, and not the removal, raised Constitutional issues. Moreover,
16 plaintiff has not presented any evidence to support his argument that the removal will cause delay
17 and confusion.  Therefore, this argument fails, and plaintiff's motion for remand should be denied.

18 **V.    CONCLUSION**

19     Based on the foregoing, IT IS HEREBY RECOMMENDED that:

20     1.    Plaintiff's motion to dismiss be GRANTED;

21     2.    Defendant CDCR be dismissed from this action;

22     2.    Plaintiff's motion for sanctions be DENIED;

23     4.    Plaintiff's motion for this action to be remanded to the Fresno Superior Court be
24         DENIED; and

25     5.    This action proceed with plaintiff's claims against defendant A. Delk.

26     These Findings and Recommendations will be submitted to the United States District Judge
27 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
28 days after being served with these Findings and Recommendations, the parties may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 19, 2008**                        /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE