# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL, | 1:07-cv-00973-AWI-SMS-PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AS PREMATURE |
| A. DELK, et al., | (Docs. 9, 13.) |
| Defendants. | |

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff, Rodney Karl Blackwell ("plaintiff"), is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 29, 2007, at the Fresno County Superior Court, against defendants A. Delk ("Delk") and the California Department of Corrections and Rehabilitation ("CDCR"). (Case No. 07-CE-CL-02927) On July 5, 2007, CDCR removed this action to the United States District Court for the Eastern District of California as a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Delk has not filed an answer or otherwise responded to the complaint in this action. Now pending are plaintiff's motions for entry of default against Delk, filed on October 19, 2007 and March 26, 2008 . (Docs. 9, 13.)

## II. DISCUSSION

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil

Procedure and where that fact is made to appear by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Before a request for entry of default will be granted, the court must be satisfied from the request and accompanying documentation that (1) defendant has been served with summons or has agreed to waive service; (2) the time allowed by law for responding has expired; (3) defendant has failed to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an incompetent person. See Fed. R. Civ. P. 55(b)(1). In cases originally filed in state court, but removed to federal court, federal law governs service of summons on additional defendants *after* removal. Fed. R. Civ. P. 81(c)(1). Thus, to properly serve additional defendants *after* removal, a new summons must be obtained from the federal court. Fed. R. Civ. P. 81(c)(1),(2).

Plaintiff argues that default should be entered against Delk because Delk was served with the summons and complaint on August 8, 2007 and has not filed an answer or other response in this action to date. Plaintiff provides evidence that on August 8, 2007 at 8:15 a.m., the Fresno County Sheriff served copies of a Fresno County Superior Court summons and the complaint for this action upon A. Delk at Pleasant Valley State Prison, 24863 W. Jayne Ave., Coalinga, CA 93210. (Exhibits to Pltf's M for Default, Court Doc. 9 at p. 8.) Plaintiff maintains that Delk's responsive pleading was due on February 20, 2008, pursuant to the court's order of January 16, 2008 which granted an extension of time to file a response to the complaint.

First, plaintiff misreads the court's order of January 16, 2008. (Doc. 10.) The order granted an extension of time for defendant CDCR *only*, and not for defendant Delk. Moreover, the date for CDCR to file a response was not established by the court's order. Pursuant to the order, CDCR's response is due thirty days from the date of service of the screening order, which shall be issued "in due time." The court has not issued its screening order. Therefore, there was no deadline on February 20, 2008 for either defendant to file a response.

Second, Delk has not been properly served in this action. Because the CDCR removed this action to federal court on July 5, 2007, *before* Delk was served with the Superior Court summons and complaint, federal law governs service of the summons. Thus, a new summons must be obtained from the federal court before Delk can be properly served. The federal court will not order service of a new summons on Delk until after the court has conducted a screening of plaintiff's complaint

and determined that it states cognizable claims under 42 U.S.C. § 1983.[1]  Therefore, Delk has not been properly served, and default cannot be entered at this time.

### III.  CONCLUSION

Based on the foregoing, plaintiff's motions for default must be denied as premature. Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for default, filed on October 19, 2007 and March 26, 2008 are DENIED as premature, without prejudice to renewal of the motion at a later stage of the proceedings.

IT IS SO ORDERED.

**Dated:   May 31, 2008**               /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] The federal court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

3