# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. DELK,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:07-cv-00973-AWI-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF FEDERAL DUE PROCESS CLAIM, FOR FAILURE TO STATE A CLAIM, AND REMAND OF PLAINTIFF'S ACTION TO FRESNO COUNTY SUPERIOR COURT<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recomendations Following Screening of the Complaint**

**I.      Procedural History**

　　This is a civil action filed by plaintiff Rodney Karl Blackwell ("Plaintiff"), a state prisoner proceeding pro se. The complaint names a California Correctional Officer, A. Delk, and the California Department of Corrections and Rehabilitation (CDCR) as Defendants. Defendants removed this action from the Fresno County Superior Court on July 5, 2007. On July 8, 2008, the Court issued an order dismissing CDCR from the action. Currently before the Court is Plaintiff's original complaint, filed in state court on March 2, 2007.

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

**A. Summary of the Complaint**

Plaintiff is a state prisoner currently housed at Kern Valley State Prison (KSP) in Delano, California.  The events giving rise to the complaint occurred while Plaintiff was housed at Pleasant Valley State Prison (PVSP).  Plaintiff alleges state and federal constitutional violations.

According to the complaint, on January 20, 2006, Plaintiff's personal property was subjected to a search in order to facilitate the transfer of Plaintiff and his property to KSP.  Plaintiff alleges that after the search was concluded, Defendant Delk ("Defendant") knowingly failed to cause Plaintiff's personal property to be packed and transferred with Plaintiff.  Although the complaint mentions the Equal Protection Clause of the United States Constitution, Plaintiff's allegations implicate Plaintiff's right to due process in connection with the deprivation of Plaintiff's personal property.

///
///
///

**B. Plaintiff's Due Process Claim**

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, a complaint alleging intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state provides an adequate post deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)). California law provides an adequate post-deprivation remedy for property deprivations caused by prison officials. Barnett, 31 F.3d at 816; CAL. GOV'T CODE § 810-895 (2008).

Plaintiff alleges that Defendant intentionally deprived Plaintiff of his personal property while acting under the color of state law. California provides adequate post deprivation remedies to prisoners who have been deprived of property by state prison officials. Accordingly, the complaint fails to state a claim for relief under section 1983. Because Plaintiff's claim is not cognizable as a matter of law, as California provides an express post-deprivation remedy to prisoners for deprivation of property by prison officials, the Court recommends Plaintiff not be given an opportunity to amend the complaint.

**III.   Conclusion and Order**

The complaint fails to state a claim for relief under section 1983, however, the complaint may state cognizable claims for relief under California law. As the Court recommends dismissal of Plaintiff's only federal claim, the Court finds remand of Plaintiff's state law claims to be appropriate. See 28 U.S.C. § 1367(c)(3) (2008) (Court may decline to exercise supplemental jurisdiction where federal claims have been dismissed). Accordingly, the Court HEREBY RECOMMENDS:

    1.    Plaintiff's federal due process claim be DISMISSED, for failure to state a claim for which relief can be granted under federal law; and

    2.    Plaintiff's action be REMANDED to the Fresno County Superior Court.

///

1  These Findings and Recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
3  **days** after being served with these Findings and Recommendations, the parties may file written
4  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."

7  IT IS SO ORDERED.
8  **Dated:      January 29, 2009**                   /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE